Amy M. Samberg (#013874)
Amy L. Stein (#026113)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
One Arizona Center
400 E. Van Buren Street, Suite 550
Phoenix, AZ  85004
Telephone:  (602) 926-9880
Facsimile:  (312) 863-5099
E-Mail: asamberg@fgppr.com
         astein@fgppr.com
Attorneys for Defendant The Hanover Insurance Company, erroneously named and sued as The Hanover Insurance Group, Inc. and Hanover Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie-Anne Helms, an Individual, Helms & Helms, P.L.L.C, An Arizona Professional Limited Liability Company, Individually and on behalf of lawful Insureds Under Applicable Policy of Insurance,<br><br>Plaintiffs,<br><br>v.<br><br>The Hanover Insurance Group, Inc.; Hanover Insurance Company; Travelers Casualty Insurance Company of America; Travelers Bond and Specialty Insurance; The Travelers Companys, Inc.; John Does I-XX; Jane Does I-XX; XYZ Entities 1-100.<br><br>Defendants. | Maricopa County Superior Court<br>Case No:  CV2020-007160<br><br>**NOTICE OF REMOVAL OF ACTION; VERIFICATION OF AMY STEIN** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446, Defendant The HANOVER INSURANCE COMPANY ("Hanover"), erroneously named and sued as The Hanover Insurance Group, Inc. and Hanover Insurance Company,  hereby petitions this Court for removal of the state court action, which was originally commenced in the Superior Court of The State of Arizona, County of Maricopa, entitled *Julie-Anne Helms and Helms & Helms P.L.L.C. v The Hanover Insurance Group, Inc., et. al*, Case No. CV2020-007160, et. al on the following grounds:

1.	On or around June 22, 2020, an action was commenced in the Superior Court of The State of Arizona, County of Maricopa, entitled *Julie-Anne Helms and Helms & Helms P.L.L.C. v The Hanover Insurance Group, Inc., et. al*, Case No. CV2020-007160 (the "State Court Action"). A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit 1.**

2.	On August 6, 2020, Hanover, through its authorized statutory agent, accepted service of the Summons and Complaint and other documents filed in the State Court Action. A true and correct copy of the Service of Process Transmittal Form reflecting the date and time of service by process server upon CT Corporation System is attached as **Exhibit 2**.

3.	Attached, collectively, as **Exhibit 3** are true and correct copies of all other process, pleadings, and orders filed in the State Court Action: Notice of Demand for Jury Trial, Coversheet, Certificate of Arbitration.

4.	The thirty-day period for removal does not begin to run until a party has been properly served. See *Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Thirty days have not elapsed since Hanover received the Summons and Complaint in this action. Accordingly, this Notice is timely filed under 28 U.S.C. § 1446(b).

5.	Plaintiffs' Complaint alleges causes of action against Defendants for breach of contract, negligence and bad faith, and damages, including punitive damages. The Complaint asserts, *inter alia*, that Defendants Hanover and Travelers Casualty Insurance Company of America, et. al. (collectively, "Defendants") failed to defend Plaintiffs from and against claims made against them in an underlying action entitled, *Joseph and Carla Thuney v. Lawyers Title of Arizona Inc. an Arizona Corporation; Julie Anne-Helms, an individual; Helms & Helms, P.L.L.C, an Arizona professional limited liability company, Key Bank NA, a national banking association; JP Morgan Chase N.A., a national banking corporation,* Case No. CV18-01513-PHX-HRH ("Underlying Action"), which was filed on or around May 18, 2018 in the United States District Court for the District of Arizona. More specifically, Plaintiffs allege that they were insureds under insurance policies issued by Defendants, that they tendered their defense of the Underlying Action to Defendants,

- 2 -

and that Defendants denied their tender of defense and failed to provide them the defense to the Underlying Action to which they were entitled by the policies, thereby breaching the contracts of insurance and causing damage to Plaintiffs. Plaintiffs seek to recover from Defendants in this action the costs of suit and litigation expenses incurred in the Underlying Action, plus out of pocket expenses, damages for alleged emotional distress, humiliation, inconvenience and anxiety, damages for alleged loss of credit standing, credit ability, refinancing opportunities and reputation, statutory damages, pre- and post-judgment interest and punitive damages. At paragraph 11 of the Complaint, **Ex. 1**, Plaintiffs allege that the monetary damages which they seek via the Complaint qualify this action as a Tier 3 case pursuant to Ariz. R. Civ. P. Rule 26.2(c)(3). Hanover disputes Plaintiffs' claims.

## VENUE

6.  Under 28 U.S.C. § 1446(a), venue of this action is proper in this Court as the district and division within which the State Court Action was brought.

## JURISDICTION

7.  Under 28 U.S.C. § 1441, Congress has granted defendants the statutory right to remove a case from state court to a United States District Court where that case could have originally been filed in federal court. This grant is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." 28 U.S.C §1332.

8.  Removal is proper in this case because the Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1441.

## AMOUNT IN CONTROVERSY

9.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, based on Plaintiffs' allegation at paragraph 11 of the Complaint, **Ex. 1,** that the damages claimed qualify this action as a Tier 3 case pursuant to Ariz. R. Civ. P., Rule

- 3 -

26.2(c)(3). **Ex. 1, Compl., ¶ 11**. Under Ariz. R. Civ. P., Rule 26.2(c)(3), cases are properly assigned to Tier 3 when a plaintiff claims more than $300,000.00 in damages. Ariz. R. Civ. P. R. 26.2(c)(3). The amount in controversy requirement of 28 U.S.C. § 1332(a) is met here, therefore, because Plaintiffs claim that their damages exceed $300,000.00.

10. Additionally, Plaintiffs seek to recover from Defendants out of pocket expenses, damages for alleged emotional distress, humiliation, inconvenience and anxiety, damages for alleged loss of credit standing, credit ability, refinancing opportunities and reputation, statutory damages, pre- and post-judgment interest and punitive damages.

## GEOGRAPHICAL DIVERSITY

11. Upon information and belief, Plaintiff Julie-Anne Helms is a citizen of Arizona. **Ex. 1, Compl., ¶ 1.**

12. Upon information and belief, Plaintiff Helms & Helms, P.L.L.C, is a real estate company organized and existing under the laws of the State of Arizona with its principal place of business in the State of Arizona. **Ex. 1, Compl., ¶ 2.**

13. Hanover is an insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business in the State of Massachusetts.

14. Upon information and belief, Travelers is an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

15. The diversity requirement is met, because no defendant is a citizen of the same state as any plaintiff.

## REMOVAL IS PROPER

16. This Notice of Removal is timely filed because it was filed within thirty days after service of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b).

17. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Travelers consents to the removal of this action. Travelers' retained counsel, Kurt Zitzer with Meagher and Geer,

P.L.L.P, advised Hanover's retained counsel by email correspondence of August 18, 2020, that Travelers would not only decline to object to the removal of this action, but that it also wanted the entire action removed.

18. Pursuant to 28 U.S.C. § 1446(d), Hanover will promptly serve Plaintiffs with written notice of the filing of this Notice of Removal.

19. Hanover will also timely file a Notice of Removed Action with the Clerk of Maricopa County Superior Court. *See* **Exhibit 4**.

20. Hanover reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Hanover hereby requests that the action now pending against it in the Superior Court of the State of Arizona, in and for the County of Maricopa, be removed to this Court.

DATED this 3rd day of September, 2020.

>   FORAN GLENNON PALANDECH
>   PONZI & RUDLOFF PC
>
>
>   By: s/ *Amy L. Stein*
>   Amy M. Samberg
>   Amy L. Stein
>   400 E. Van Buren Street, Suite 550
>   Phoenix, AZ 85004
>   Attorneys for Defendant The Hanover Insurance Company, erroneously named and sued as The Hanover Insurance Group, Inc. and Hanover Insurance Company

**VERIFICATION OF AMY STEIN**

I, Amy Stein, verify as follows:

1. I am an active member in good standing of the State Bar of Arizona and a partner with the law firm of Foran Glennon Palandech Ponzi & Rudloff, P.C., counsel of record for Defendant Hanover.

2. I have firsthand knowledge of the matters set forth herein. I submit this verification pursuant to L.R. Civ. P. 3.6 and Fed. R. Civ. P. 11.

3. Attached as **Exhibit 1** is a true and correct copy of the Complaint originally filed in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Julie-Anne Helms and Helms & Helms P.L.L.C. v The Hanover Insurance Group, Inc., et. al*, Case No. CV2020-007160 (the "State Court Action").

4. Attached as **Exhibit 2** is a true and correct copy of Service of Process Transmittal Form reflecting the date and time of service by process server upon CT Corporation System.

5. Attached collectively as **Exhibit 3** are copies of all other process, pleadings, and orders filed in the State Court Action: Notice of Demand for Jury Trial, Coversheet, Certificate of Arbitration.

6. Attached as **Exhibit 4** is a true and correct copy of the Notice of Removed Action to be filed with the Clerk of the Maricopa County Superior Court in Case No. CV2020-007160.

7. Travelers is represented by Kurt Zitzer with Meagher and Geer, P.L.L.P. By email correspondence dated August 18, 2020, Mr. Zitzer advised my office that Travelers would not object to the removal of this action and further, that Travelers also wanted the action removed.

I verify that the foregoing is true and correct.

By: *s/ Amy L. Stein*                              .
    Amy L. Stein

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark Wesbrooks, Esq.
THE WESBROOKS LAW FIRM, P.L.L.C.
15396 N. 83rd Ave., Suite C100
Peoria, AZ  85381
mwesbrooks@gmail.com
*Attorneys for Plaintiff*

Kurt M. Zitzer
MEAGHER & GEER
16767 N. Perimeter Drive, Suite 210
Scottsdale, AZ 85260
Kzitzer@meagher.com
*Attorneys for Defendants Travelers*

/s/*Brenda Uran*