Amy M. Samberg (#013874)
Amy L. Stein (#026113)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
One Arizona Center
400 E. Van Buren Street, Suite 550
Phoenix, AZ  85004
Telephone:  (602) 926-9880
Facsimile:  (312) 863-5099
E-Mail: asamberg@fgppr.com
         astein@fgppr.com
Attorneys for Defendant The Hanover Insurance Company, erroneously named and sued as The Hanover Insurance Group, Inc. and Hanover Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie-Anne Helms, an Individual, Helms & Helms, P.L.L.C, An Arizona Professional Limited Liability Company, Individually and on behalf of lawful Insureds Under Applicable Policy of Insurance,<br><br>Plaintiffs,<br><br>v.<br><br>The Hanover Insurance Group, Inc.; Hanover Insurance Company; Travelers Casualty Insurance Company of America; Travelers Bond and Specialty Insurance; The Travelers Companys, Inc.; John Does I-XX; Jane Does I-XX; XYZ Entities 1-100.<br><br>Defendants. | Case No: 2:20-cv-01728-DWL<br><br>**DEFENDANT THE HANOVER INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>*(Oral Argument Requested)* |

Defendant The Hanover Insurance Company ("Hanover"), erroneously named and sued as The Hanover Insurance Group, Inc. ("THIG") and Hanover Insurance Company ("HIC"), by and through undersigned counsel, moves the Court pursuant to Rule 56, Fed. R. Civ. P. and the Court's Scheduling Order [Dkt. 15] for summary judgment in its favor on Plaintiffs' complaint against it (the "Complaint") in its entirety on the following grounds:

1. Count one of the Complaint for breach of contract (failure to provide a defense) on grounds there is no genuine issue of material fact with respect to

the claim, and Hanover is entitled to judgment in its favor on the claim as a matter of law.

2. Count two of the Complaint for negligence and bad faith on grounds there is no genuine issue of material fact with respect to the claim(s), and Hanover is entitled to judgment in its favor on the claim(s) as a matter of law.

3. Count three of the Complaint for damages on grounds there is no genuine issue of material fact with respect to the claim, and Hanover is entitled to judgment in its favor on the claim as a matter of law.

This motion is based on the following memorandum of points and authorities, the attached exhibits and affidavits, the pleadings and other papers on file or which may be submitted, and any oral argument that may be presented at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Plaintiffs Julie-Anne Helms and Helms & Helms, P.L.L.C. (collectively, "Plaintiffs" or "Helms") filed the Complaint against Hanover for breach of contract, bad faith/negligence, and damages, including punitive damages, because Hanover declined to provide them a defense to a lawsuit filed by non-parties, Joseph and Carla Thuney.

As demonstrated below, however, Hanover is not contractually obligated to provide Plaintiffs a defense since the claims alleged against them by the Thuneys arise out of, relate to, and/or are based upon the misappropriation, conversion, improper use, transfer, payment, and/or delivery of funds due to trick, artifice, or fraudulent misrepresentation, all of which claims are expressly excluded by the insurance policy that Hanover issued.

Because the policy does not afford coverage for the Thuneys' lawsuit, Hanover is not in breach of contract for having denied Plaintiffs a defense to the lawsuit; it did not act unreasonably with respect to Plaintiffs' claim for coverage under the insurance policy; and, summary judgment should be granted in its favor on the Complaint in its entirety.

/ / /

/ / /

II. **UNDISPUTED MATERIAL FACTS**

   *A.   The Policy*

Hanover issued a Miscellaneous Professional Liability Policy, No. LH4 D532471 00, with effective dates of March 20, 2018 to March 20, 2019, to Conrad Financial Services Inc. DBA RE MAX Preferred Choice as Named Insured (the "Policy"). *Exhibit 1, Certified Copy of Policy ("Ex. 1"), HANOVER-HELMS000002-3; Exhibit 7, Affidavit of Amy Stein ("Ex. 7"), Para. 2.*

Subject to its stated terms, conditions, limitations, and exclusions, the Policy provides professional services coverage. The coverage includes defense, but only for claims that are covered by the Policy. *Ex. 1, HANOVER-HELMS000005-6.* The Policy states, in pertinent part:

> A.   COVERAGE – WHAT THIS POLICY INSURES
> 1.   Professional Services Coverage
> **We** will pay on **your** behalf those sums which **you** become legally obligated to pay as **damages** and **claim expenses** because of any **claim** made against **you** arising from a **wrongful act** in the rendering or failure to render **professional services** by **you**.[1]
>
> …
> *Ex. 1, HANOVER-HELMS00005.*
>
> B.   DEFENSE AND SETTLEMENT (INCLUDED IN THE LIMIT OF LIABILITY)
> **We** have the right to investigate and the exclusive right to defend any **claim** made under this **policy**, even if the allegations are groundless, false or fraudulent until there is a final adjudication against **you**….*if a **claim** is not covered under this **policy**, **we** will have no duty to defend it.* [Emphasis added.]
>
> …
> *Ex. 1, HANOVER-HELMS000006.*

---

[1] **Professional services** means those services described in Item **6**. of the Declarations page [Real Estate Agent/Broker, Business Broker and/or Property Management] which **you** perform for others including advice given or services performed by an **insured** for others as a **real estate agent**, but solely when such services are performed on behalf of an **insured** as a **real estate agency**, and provided that the **insured** is appropriately licensed by the state in which the **insured** is doing business. *Ex. 1, HANOVER-HELMS000026.*

**Insured** includes the named insured and, subject to certain stated conditions, its past or present officers, directors, trustees, and employees, temporary or leased employees, and independent contractors. *Ex. 1, HANOVER-HELMS000008.*

The Policy includes a number of coverage exclusions, including, in particular, Exclusion 17 of the Policy's main coverage form, Exclusion (a) in the Policy's Real Estate Professional Services Endorsement, and the False Pretenses Exclusion in in the Policy's similarly named endorsement. These exclusions state:

> E. EXCLUSIONS – WHAT THIS POLICY DOES NOT INSURE
> This **policy** does not apply to **claim(s)**
> …
> 17. Arising out of or resulting, directly or indirectly from any actual or alleged commingling, misappropriation or improper use of funds or monies; … *Ex. 1, Form 910-0001 12 09, HANOVER-HELMS000009-10.*
>
> This **policy** does not apply to **claim(s)**:
> Based upon or arising out of:
> a) Any conversion or improper use of funds or property;
> … *Ex. 1, Real Estate Professional Services Endorsement, Form 910-0716 01 15, HANOVER-HELMS000027.*
>
> This **policy** does not apply to **claims** based upon, arising out of or in any way related to any transfer, payment or delivery of funds, money or property, by anyone, which was caused or induced by trick, artifice, or the fraudulent misrepresentation of a material fact including, but not limited to, social engineering, pretexting, phishing, spear phishing or any other confidence trick. *1, False Pretenses Exclusion Endorsement, Form 910-0786 03 17, HANOVER-HELMS000030.*

### B. *The Underlying Lawsuit*

On May 18, 2018, the Thuneys filed a complaint in the United Stated District Court, District of Arizona, Case No. 2:18-cv-01513-HRH, against Helms and other defendants (the "Underlying Lawsuit"). *Exhibit 2, Underlying Lawsuit ("Ex. 2"); Ex. 7, Para. 3.* The Thuneys assert claims against Helms in the Underlying Lawsuit for (1) breach of confidential or fiduciary duty and (2) negligence or gross negligence based on the following factual allegations:

· Julie Helms is a real estate agent who acted on their behalf in their attempted purchase of a home in Arizona. Helms & Helms is the company through which

- 4 -

> Julie Helms runs her real estate business as a contractor for ReMax. *Ex. 2, Paras. 16-17, 20-24, 67.*
>
> · The Thuneys' contract for purchase of the home was canceled, and the sellers of the home kept the Thuneys' earnest money deposit, based on the Thuneys' failure to perform. *Ex. 2, Para. 59.*
>
> · While Mr. Thuney had attempted to wire the funds needed to close on the home/to perform, the funds were fraudulently transferred and released to person(s) who had sent forged emails and payment instructions and impersonated the title company representative. *Ex. 2, Paras. 4-8, 11, 32-42, 47, 54, 56.*

The Thuneys seek to recover in damages from Helms their earnest money deposit ($2,000), the funds that Mr. Thuney attempted to wire, but were fraudulently transferred ($119,555.73), and punitive damages for Helms' alleged failure to have prevented the misappropriation of their business information and ultimately, the fraud or criminal scheme that had been perpetrated against them by third-parties. *Ex. 2, Paras. 4-8, 11, 70-71, 75-76.*

### C.   *Plaintiffs Claim for Coverage/Defense under the Policy*

On or about June 12, 2018, Hanover received notice of the Underlying Lawsuit (the "Loss") from the Policy's Named Insured, Conrad Financial Services/Rich Conrad ("Conrad"), who explained to Hanover that Plaintiffs worked for him/the company as an independent contractor. *Exhibit 3, Notice of Loss ("Ex. 3"), HANOVER-HELMS000123-125; Exhibit 4, Claim Notes dated June 20, 2018 and July 19, 2018 ("Ex. 4"), HANOVER-HELMS000044-45, 102; Ex. 7, Paras. 4, 5(a); Exhibit 8, Affidavit of Mary Gertsmeier ("Ex. 8").*[2]

Hanover assigned claim number 19-00233612 to the Loss (the "Claim") and investigated the Claim by reviewing the Underlying Lawsuit, reviewing the Policy, and speaking with Conrad. *Ex. 4, Claim Notes dated June 15-20, 2018, HANOVER-HELMS000096-102; Ex. 7, Paras. 4, 5(b); Ex. 8.*

/ / /

---

[2] *See footnote 1.* Insured includes, subject to certain conditions, independent contractors. Ex. 1, HANOVER-HELMS000008.

- 5 -

By correspondence dated June 22, 2018, Hanover advised Conrad that:

- Coverage under the Policy for the Claim was denied.

- Exclusion 17 of the Policy, Exclusion (a) of the Policy's Real Estate Professional Services Endorsement, and the False Pretenses Exclusion within the endorsement of that same name all barred coverage for the Claim.

- The Claim involves funds which were embezzled, misappropriated, converted, improperly used, and/or transferred due to trick, artifice, or fraudulent misrepresentation through a social engineering scam.

- The Thuneys' allegations of breach of fiduciary duty, negligence, and gross negligence arise out of the misappropriation or conversion of funds or the transfer of funds by trick, artifice, or fraudulent misrepresentation of a material fact.

*Exhibit 5, June 22, 2018 Claim Denial ("Ex. 5"), HANOVER-HELMS000162-166, Ex. 7, Paras. 4, 5(c); Ex. 8.*

Three months later, without dispute from the named insured Conrad, Plaintiffs, or anyone on their behalf to the Claim denial, Hanover closed the Claim. *Ex. 4, Claim Note dated September 17, 2018, HANOVER-HELMS000092; Ex. 7, Paras. 4, 5(b); Ex. 8*.

### D. *This Action Against Hanover*

On June 22, 2020, Plaintiffs filed this action against Hanover alleging: (1) breach of contract for having denied Plaintiffs a defense to the Underlying Lawsuit, (2) negligence and bad faith for having failed to put Plaintiffs' interests ahead of its own, properly investigate and consider the Claim, provide Plaintiffs a defense, and exercise reasonable care, and (3) damages, including punitive damages.

On December 7, 2020, after responding to the Complaint and serving its initial disclosures, Hanover served upon Plaintiffs its first set of requests for admissions of matters of fact. Plaintiffs did not answer, object to, or request an extension of time to respond to the requests. *Exhibit 6, Hanover's First Set of Requests for Admissions to Plaintiffs, served December 7, 2020, and Notice of Service of Discovery ("Ex.6"); Ex. 7, Para. 6.* Accordingly, pursuant to Fed. R. Civ. P. 36(a)(3), the truth of the following matters set forth

in Hanover's first set of requests for admissions are deemed admitted and conclusively establish for purpose of this action:

- The claim alleged against [Plaintiffs] in the Underlying Suit for breach of a confidential or fiduciary duty arises from the misappropriation of Funds.

- The claim alleged against [Plaintiffs] in the Underlying Suit for breach of a confidential or fiduciary duty arises from the conversion of Funds.

- The claim alleged against [Plaintiffs] in the Underlying Suit for breach of a confidential or fiduciary duty arises from the improper use of Funds.

- The claim alleged against [Plaintiffs] in the Underlying Suit for negligence and gross negligence arises from the misappropriation of Funds.

- The claim alleged against [Plaintiffs] in the Underlying Suit for negligence and gross negligence arises from the conversion of Funds.

- The claim alleged against [Plaintiffs] in the Underlying Suit for negligence and gross negligence arises from the improper use of Funds.

- The Thuneys allege in the Underlying Suit that the Funds were transferred to an unintended person or entity as a result of trick.

- The Thuneys allege in the Underlying Suit that the Funds were transferred to an unintended person or entity as a result of one or more misrepresentations of fact.

- Hanover acted reasonably in its handling of the Claim.

- Hanover acted reasonably in its investigation of the Claim.

- Hanover acted reasonably in its denial of the Claim.

*Ex. 6, Ex. 7, para. 6.*

## III.  ARGUMENT

### A.  *Summary Judgment Standard*

"The court shall grant summary judgment [when] the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." *Fed. R. Civ. P. 56(a)*. Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Once the moving party demonstrates there is no genuine dispute as to any material fact, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial. *Anderson,* 477 U.S. at 248-249.

The non-moving party may not rest upon mere allegations or denials but must show there is sufficient evidence supporting the claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Id.* "A mere scintilla of evidence will not do." *British Airways Board v. Boeing Co.,* 585 F. 2d 946, 952 (9th Cir. 1978). Evidence must be concrete; the nonmoving party cannot rely on "mere speculation, conjecture, or fantasy." *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F. 2d 1464, 1467 (9th Cir. 1986).

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

### B. *Contract Interpretation*

The interpretation of a contract, including insurance policies, is a question of law for the court to decide. *Liberty Ins. Underwriters, Inc. v. Weitz Co.,* 215 Ariz. 80, 83, 158 P. 3d 209, 212 (2007). Contracts, including policies, are to be read in light of the parties' intentions as reflected by their language. *Bjornstad v. Senior American Life Ins. Co.,* 599 F. Supp. 2d 1165, 1170 (D. Ariz. 2009)*, citing Harris v. Harris,* 195 Ariz. 559, 562, 991 P.2d 262, 265 (App.1999). Policy provisions, including undefined terms, are construed according to their plain and ordinary meaning, their everyday sense. *Liristis v. American Family Mut. Ins. Co.,* 61 P. 3d 22, 26, 204 Ariz. 140, 143 (Ct. App. 2002), *citing Nat'l. Bank of Ariz. v. St. Paul Fire & Marine Ins. Co.,* 975 P. 2d 711, 714, 193 Ariz. 581, 584 (App. 1999).

"It is not the prerogative of the court to create ambiguities where none exist or to rewrite the contract…to avoid harsh results." *National Union Fire Ins. Co. of Pittsburg, Pennsylvania v. Rick,* 134 Ariz. 122, 128, 654 P. 2d 56, 62 (App. 1982). Courts will not

"revise the policy to increase the risk or extend liability just to accomplish a so-called good purpose." *Sterns-Rogers Corp. v. Hartford Acc. & Indem. Co.,* 117 Ariz. 1, 165, 571 P. 2d 659, 662 (1977).

### C. *The Policy does not require Hanover to provide a defense to Plaintiffs for the Underlying Lawsuit.*

Hanover is not required to provide a defense to Plaintiffs for the Underlying Lawsuit because Policy exclusions apply to the claims asserted in the Underlying Lawsuit and preclude coverage for the Underlying Lawsuit.

Pursuant to Exclusion 17 of the Policy, Exclusion (a) in the Real Estate Professional Services Endorsement, and the False Pretenses Exclusion, the Policy does not apply to claims:

- Arising out of or resulting, directly or indirectly, from any actual or alleged commingling, misappropriation or improper use of funds or monies.

- Based upon or arising out of any conversion or improper use of funds or property.

- Based upon, arising out of or in any way related to any transfer, payment or delivery of funds, money or property, by anyone, which was caused or induced by trick, artifice, or the fraudulent misrepresentation of a material fact including, but not limited to, social engineering, pretexting, phishing, spear phishing or any other confidence trick.

The Thuneys' claims against Plaintiffs and alleged damages exist only because the funds which they intended to be used for purchase of a home were transferred elsewhere - i.e., misappropriated, improperly used, converted, transferred, paid, or delivered - by individuals who employed forged emails and payment instructions and impersonated a title company representative - i.e., by trick, artifice, or fraudulent misrepresentations of material fact.

Based on both the Thuneys' allegations as set forth in the Underlying Action and Plaintiffs' admissions in this action *(see, above, at page 6, line 24 through page 7, line 11),* the Underlying Action arises from the misappropriation, conversion, improper use, etc. of

funds, and as such, the cited Policy exclusions apply to preclude coverage for the Underlying Lawsuit under the Policy. Because the Underlying Lawsuit is not covered under the Policy, Hanover has no duty to defend it.

It is of no moment the Thuneys cast their claims in terms of negligence, gross negligence, and/or breach of some alleged fiduciary duty of Helms to use unencrypted e-mails, detect "spoofed" email addresses, and/or warn the Thuneys[3] as those claims still arise out of, result directly or indirectly from, are based upon, and/or are relate to the misappropriation, improper use, or conversion of the funds intended for the purchase of the home and/or the transfer, payment or delivery of those funds by trick, artifice or fraudulent misrepresentation of material fact. *See Regal Homes, Inc. v. CNA Ins.,* 217 Ariz. 159, 163, 171 P. 3d 610, 614 (App. 2007), *citing Farmers Ins. Co. v. Till,* 170 Ariz. 429, 430, 825 P.2d 954, 955 (App.1992)(*"The general rule is that the words 'arising out of' are 'broad, general, and comprehensive terms effecting broad coverage.'"*); *see also Transp. Indem. Co. v. Carolina Cas. Ins. Co.*, 133 Ariz. 395, 399, 652 P.2d 134, 138 (1982) (explaining that phrase "arising out of" in insurance policy did not require traditional proximate cause).

Arizona law is clear that negligence claims deriving from an excluded activity are themselves typically excluded. *See, e.g., American Family Mut. Ins. Co. v. White*, 65 P. 3d 449, 457, 204 Ariz. 500, 508 (Ct. App. 2003)(denying coverage for claim of negligent supervision against parents of child who engaged in excluded activity – violation of criminal law – because the negligent supervision claim "derives from the claim against [the child], which is excluded"); *Behrens v. Aetna Life & Cas.*, 736 P. 2d 385, 386, 153 Ariz. 301, 302 (Ct. App. 1987)(a claim for negligent entrustment or supervision was inseparable from the excluded negligent operation of a boat).

And, courts from other jurisdictions which have considered the type(s) of exclusions at issue here are equally clear that negligence claims deriving from the excluded activity, i.e. misappropriation, improper use, conversion, commingling, etc. of funds, are likewise

---

[3] *See Ex. 2, Paras. 3, 4, 69, 75.*

- 10 -

excluded. *See, e.g., Philadelphia Indem. Ins. Co. v. Stazac Management, Inc.*, 2018 WL 2445816 (M.D. Fla. 2018)(professional liability policy's commingling exclusion precluded coverage for claims that arose out of defendants' failure to protect funds, whether failure was intentional or negligent); *Bethel v. Darwin Select Ins. Co.*, 735 F. 3d 1035, 1038 (8th Cir. 2013)(professional liability policy's customer funds exclusion precluded coverage for negligence claim based on defendant's delay in recording mortgage because delay was part of larger scheme to misappropriate funds and therefore arose out of failure to safeguard funds; *Bankers Multiple Line Ins. Co. v. Pierce*, 20 F. Supp. 2d 1004, 1008 (S.D. Miss. 1998) and *PNA, L.L.C. v. Interstate Ins. Grp.,* 2003 WL 21488120 (E.D. La. 2003)(excluding claims for negligence based on failure to supervise an employee who misappropriated funds); *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F. 3d 448, 456 (6th Cir. 2003)(construing exclusion for damages arising out of the commingling, conversion, misappropriation or defalcation of funds or other property to include both negligent and intentional conduct).

The "focus of an exclusion should be the injury, not the pleaded cause of action." *White,* 65 P. 3d at 457, 204 Ariz. 508*, citing Nw. G.F. Mut. Ins. Co. v. Norgard,* 518 N.W. 2d 179, 184 (N.D. 1994). When the allegations raised against the party seeking coverage do not exist separate and apart from the excluded action, there is no coverage. *Colony Ins. Co. v. Events Plus, Inc.*, 585 F. Supp. 2d 1148, 1155 (D. Ariz. 2008).

In this case, the Thuneys' claims against Plaintiffs exist only because third-parties forged emails and payment instructions (i.e., employed trick or artifice or used fraudulent misrepresentation) to misappropriate, improperly use, convert, transfer, pay, or deliver the funds which the Thuneys intended be used for purchase of the home. Consequently, and regardless of their label, the Policy does not afford coverage for the Thuneys' claims/the Underlying Suit, and Hanover has no duty to duty under the Policy to defend against them/it. "If a claim is not covered under this policy, we [Hanover] will have no duty to defend it." *Ex. 1 at HANOVER-HELMS000006.* There is no genuine issue of material fact with respect

to count one of the Complaint for breach of contract; it fails as a matter of law, and summary judgment should be granted on the claim in Hanover's favor.

### D. Count two of the Complaint for negligence and bad faith fails as a matter of law.

"The tort of bad faith arises when the insurer 'intentionally denies, fails to process or pay a claim without a reasonable basis.'" *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P. 2d 276, 279-80 (Ariz. 2000)(citing *Noble v. Nat'l. Am. Life Ins. Co.*, 624 P. 2d 866, 868 (Ariz. 1981).

Here, because (for reasons discussed) the Policy does not afford coverage for the Underlying Lawsuit, Hanover's declination of coverage/defense to Plaintiffs was reasonable. Plaintiffs have admitted as much. *Ex. 6, request no. 3*.

Further, there are no facts to suggest that Hanover's handling and investigation of the Claim was anything other than reasonable. Plaintiffs have admitted as much, as well. *Ex. 6, request nos. 1 and 2*.

As for negligence, "Arizona law does not recognize a cause of action for negligent claims handling by an insurance company." *Wilshire Insurance Company v. Yager*, 2016 WL 10679429 *4 (D. Ariz. 2016), citing *Andrade v. State Comp. Fund*, No. 1 CA-CV 11-0413, 2012 WL 1807775, at *3 (Ariz. Ct. App. May 17, 2012) ("A cause of action for negligent claims handling does not exist against an insurer...A disgruntled policyholder may only sue the insurer for breach of contract or breach of the implied covenant of good faith and fair dealing, unless the insurer engaged in bad faith.").

Accordingly, count two of the Complaint for negligence and bad faith fails as a matter of law, and summary judgment should be granted in Hanover's favor on that claim, as well.

### E. Count three of the Complaint for damages fails as a matter of law.

Absent a viable claim against Hanover upon which relief may be granted, Plaintiffs are without ability to recover damages from Hanover. Given counts one and two of the

Complaint fail as a matter of law, count three for damages fails, as well. Summary judgment should be granted in favor of Hanover.

### IV. CONCLUSION

The Policy language is clear and the material facts undisputed. Policy exclusions apply and preclude coverage for the Underlying Lawsuit. Hanover was correct in denying Plaintiffs' Claim; its decision supported by a reasonable basis. As a matter of law, Hanover is entitled to and hereby requests the Court grant summary judgment in its favor on the Complaint in its entirety.

DATED this 28th day of January, 2021.

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC

By: s/ *Amy L. Stein*
Amy M. Samberg
Amy L. Stein
400 E. Van Buren Street, Suite 550
Phoenix, AZ 85004
Attorneys for Defendant The Hanover Insurance Company, erroneously named and sued as The Hanover Insurance Group, Inc. and Hanover Insurance Company

### CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark Wesbrooks, Esq.
THE WESBROOKS LAW FIRM, P.L.L.C.
15396 N. 83rd Ave., Suite C100
Peoria, AZ 85381
mwesbrooks@gmail.com
mwesbrooks@wesbrookslaw.com
*Attorneys for Plaintiff*

/s/   *Brenda Uran*