**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie-Anne Helms, et al., | No. CV-20-01728-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Hanover Insurance Group Incorporated, et al., | |
| Defendants. | |

**INTRODUCTION**

This insurance dispute arises from a bizarre real estate transaction gone wrong. Julie-Anne Helms (a realtor) and Helms & Helms, P.L.L.C. (her realty agency) (together, "Plaintiffs") were representing a couple interested in purchasing a home in Arizona. When the couple attempted to wire the closing funds (nearly $120,000), they sent it to fraudsters who had used forged emails and payment instructions to impersonate the title company representative. Afterward, the couple sued Plaintiffs in an attempt to recoup the lost money. Plaintiffs, in turn, notified their insurance company, The Hanover Insurance Company ("Hanover"), of the lawsuit and sought a defense, but Hanover declined to provide a defense based on various policy exclusions. In this action, Plaintiffs contend that Hanover's denial of a defense was improper and made in bad faith.

Unfortunately, Plaintiffs' email-related woes have continued in this case. In December 2020, Hanover emailed its first set of requests for admission ("RFAs") to Plaintiffs' counsel. When Plaintiffs did not respond within 30 days, as required by Rule

36, Hanover filed a motion for summary judgment that is based, in part, on Plaintiffs' "deemed" admissions to the RFAs. (Doc. 23.) This motion prompted Plaintiffs to file two motions for discovery-related relief (Docs. 27, 28), which are addressed below.[1]

## DISCUSSION

I. RFA-Related Relief

    A. **The Parties' Arguments**

Plaintiffs and their counsel contend they were unaware, until they reviewed Hanover's summary judgment motion, of the unanswered-RFA issue. In an effort to address that issue, Plaintiffs have filed a "motion for court to confirm deadlines and alternative motion for extension of time." (Doc. 28.) In a nutshell, Plaintiffs argue that Hanover's original attempt to serve the RFAs in December 2020 was invalid because the notice of service states that the RFAs were sent to Plaintiffs' counsel's personal email address, rather than to his work email address (which is his registered email address in the CM/ECF system). (*Id.* at 2-7.) Plaintiffs dispute whether the RFAs were even sent to counsel's personal email address—Plaintiffs' counsel has submitted a declaration in which he avows, "I have personally undertaken to review the history of my personal email address . . . and have not found any email service of Defendant's Written Discovery Requests at any time prior to March 22, 2021" (*id.* at 12)—but argue that, irrespective of whether they were actually sent to that email address, the only "proper" way to serve them was to mail them via U.S. mail or email them to counsel's work email address. (*Id.* at 3-4.)

Hanover opposes Plaintiffs' motion. (Doc. 33.) Hanover argues that its use of counsel's personal email address when serving the RFAs was appropriate because counsel has repeatedly used that email address when corresponding with Hanover's counsel during this case and has repeatedly, and without issue, accepted service of other case-related documents via that email address. (*Id.* at 2-4.) Hanover attaches documentary proof of those other communications (s*ee, e.g.,* Doc. 33-1 at 2-11, 26-28, 40-43, 49-50) and also

---

[1] Hanover requested oral argument on each motion, but those requests are denied because the issues are fully briefed and oral argument will not aid the Court's decisional process. *See* LRCiv 7.2(f).

attaches proof that it emailed the RFAs to counsel's personal email address in December 2020 (*id.* at 32, 37-38). In a related vein, Hanover argues that Plaintiffs' protestations of ignorance regarding the December 2020 email are unavailing because it also filed a "Notice of Service" on the docket at the time it sent the email. (Doc. 20.) Hanover thus argues that even if Plaintiffs' counsel "did not receive the discovery by way of [his personal email] address, he would have received notice the discovery was served by way of [his official, registered] address." (Doc. 33 at 3.) Alternatively, Hanover argues that even if its initial attempt to serve the RFAs in December 2020 was invalid, Plaintiffs received notice of the RFAs by no later than January 2021, when the summary judgment motion was filed, yet waited more than 30 days after receiving such notice before seeking relief. (*Id.* at 4-6.) Finally, Hanover argues that allowing Plaintiffs to belatedly amend their response to the RFAs would be prejudicial because it didn't retain a bad-faith expert based on its belief that the absence of bad faith had been established through the RFA process. (*Id.* at 6-7.)

In reply, Plaintiffs don't dispute that their counsel routinely used his personal email address to engage in case-related correspondence with Hanover but argue that Hanover's attempt to serve the RFAs via email to that address was still deficient under Rule 5(b)(2) because the parties never entered into an express agreement to allow service via that email address. (Doc. 35 at 2-4.) Plaintiffs also contend they weren't formally served with the RFAs until March 22, 2021, so their response on March 29, 2021 should be deemed timely. (*Id.* at 7.) Finally, as for prejudice, Plaintiffs contend they would suffer severe prejudice from being deemed to have conceded away large portions of their case, whereas Hanover would suffer no prejudice from allowing the recent RFA responses to stand because (1) Hanover has only itself to blame for not properly serving the RFAs in the first instance and (2) notwithstanding Hanover's alleged concerns about expert retention, Hanover recently (and timely) disclosed a claim-handling expert. (*Id.* at 7-8 & n.1.)

B. **Analysis**

Neither side has covered itself in glory here. On the one hand, it takes a certain amount of chutzpah for Plaintiffs' counsel, who repeatedly used his personal email address

when corresponding with opposing counsel in this matter, to blame Hanover for using that email address when sending the RFAs to him. Nor has Plaintiffs' counsel explained why he failed to follow up with Hanover after the "Notice of Service" was filed on the docket in December 2020, which imparted clear notice to him (via his official, registered email address) that RFAs had just been served.

On the other hand, Plaintiffs are correct that the service attempt here did not comply with Rule 5(b)(2). Under that rule, there are six authorized methods of service. The first four—"handing it to the person," leaving it . . . at the person's office . . . [or] dwelling or usual place of abode," "mailing it to the person's last known address," and "leaving it with the court clerk if the person has no known address," *see* Fed. R. Civ. P. 5(b)(2)(A)-(D)—are obviously inapplicable here. The final two are "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person has consented to in writing," *see* Fed. R. Civ. P. 5(b)(2)(E), and "delivering it by any other means that the person consented to in writing," *see* Fed. R. Civ. P. 5(b)(2)(F). Here, the RFAs were not served on Plaintiffs by "filing [them] with the court's electronic-filing system"—the only document that was filed on the official docket was a "Notice of Service" (Doc. 20), which didn't include the actual RFAs. *See* LRCiv 5.2 ("A 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d)(1)(A) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."). The last potential service method was to send the RFAs by electronic or other means "that the person has consented to in writing," but Hanover has not produced any evidence that Plaintiffs "consented . . . in writing" to receiving service via counsel's personal email address. Although it is understandable why Hanover could have believed such consent was implied, "[t]he consent to electronic service must be in writing" and "cannot be implied from conduct." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 5, at 99-100 (2021). *See generally O'Neal Constructors, LLC v. DRT Am., LLC*, 440 F. Supp. 3d 1396, 1402 (N.D. Ga. 2020) ("The advisory committee note to the 2001 Amendments makes clear that the consent must be express, and not implied by

the parties' course of conduct. Furthermore, a party routinely exchanging documents by email cannot supply the necessary express consent to electronic service, because consent cannot be implied from conduct.").

Accordingly, Plaintiffs' motion for RFA-related relief is granted. The responses they provided to Hanover on March 29, 2021 are deemed timely.[2]

II. Rule 56(d) Motion

A. **The Parties' Arguments**

Plaintiffs move under Rule 56(d) for an extension of time to respond to Hanover's summary judgment motion. (Doc. 27.) Plaintiffs contend they are currently unable to respond to Hanover's motion, which seeks summary judgment on, *inter alia*, their claims for bad faith and punitive damages, because they have not yet had a chance to depose Mary Gertsmeier, the claims handler who was involved in the denial of their request for a defense. (*Id.* at 2-4.) Plaintiffs note that Hanover submitted a declaration from Gertsmeier in support of its summary judgment motion and argue they should be allowed to depose Gertsmeier to explore the statements in her declaration. (*Id.*) Plaintiffs further note that, because the fact discovery cutoff in this case isn't until July 2021, they "should be permitted to complete discovery before having to defend dispositive motions." (*Id.*)

Plaintiffs submitted a declaration from their counsel in support of their motion. (*Id.* at 5-7.) The only specific statements in counsel's declaration concerning the need to depose Gertsmeier are as follows:

> Plaintiffs assert that Ms. Gertsmeier has information related to [Plaintiffs'] interactions with Defendant Hanover in the present litigation. This is evidenced by Defendant providing to the court log notes of Ms. Gertsmeier relating to claims and the decision to deny a defense to Helms. Also, conduct of the claims adjuster, her interaction with claims supervisors and decisions made or evidence relevant to assess [Plaintiffs'] claim for punitive damages.

---

[2] Alternatively, even if Hanover's initial service effort were deemed sufficient, the Court would exercise its discretion under Rule 36(b) to allow Plaintiffs to belatedly respond because doing so "would promote the presentation of the merits of the action" and because "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Although Hanover suggested in its response that Plaintiffs had interfered with its ability to retain an expert, Hanover appears to have subsequently retained an expert.

- 5 -

(*Id.* at 6.)

Hanover opposes Plaintiffs' motion. (Doc. 32.) Hanover argues that Rule 56(d) requires a movant to "identify the specific facts they are looking to discover, state those facts exist, and/or explain how those facts would be essential in opposing" the pending summary judgment motion, yet Plaintiffs' counsel's declaration does none of those things. (*Id.* at 1-3.) Hanover further contends that, although it did submit a declaration from Gertsmeier in support of its summary judgment motion, that declaration merely lays the foundation for certain exhibits and establishes a few undisputed facts, such as the dates on which certain events occurred. (*Id.* at 3.) Finally, Hanover argues that because Plaintiffs haven't served any discovery requests, scheduled any other depositions, or otherwise made any "effort to conduct discovery in this case," their Rule 56(d) motion related to Gertsmeier should be viewed as "nothing more than an attempt by Plaintiffs to delay inevitable judgment in Hanover's favor." (*Id.* at 1, 4.)

In reply, Plaintiffs argue that counsel's declaration is sufficient under Rule 56(d) because it "do[es] more than simply suggest that meaningful discovery should occur" and "specifie[s] the areas and subject matters of discovery sought, even referring by MSJ Exhibit number to specific numerous log notes and their factual content provided by Hanover's representative, Mary Gertsmeier, related to the decision to deny Helms a proper defense in litigation." (Doc. 36 at 2.)

B. **Analysis**

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party seeking relief under Rule 56(d) "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Put another way, "[a] party seeking to delay summary judgment for further discovery . . . must show that: (1) it has set forth in affidavit form the

specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (citations, internal quotation marks, and brackets omitted). It follows that "[a] general or conclusory assertion that additional discovery is needed will not suffice." 2 Gensler, *supra*, Rule 56, at 173.

Plaintiffs have not come close to satisfying these standards here. The declaration from Plaintiffs' counsel does not explain, with any specificity, what Plaintiffs expect to learn during Gertsmeier's deposition and does not explain, with any specificity, why that missing information is necessary to avoid summary judgment. Instead, the declaration merely ticks off the general subject areas in which Gertsmeier may possess relevant knowledge. Much more is required under Rule 56(d). *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) ("[I]t is not enough to rely on vague assertions that discovery will produce needed, but unspecified, facts.").

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiffs' motion for RFA-related relief (Doc. 28) is **granted**.

(2) Plaintiffs' Rule 56(d) motion (Doc. 27) is **denied**.

Dated this 26th day of April, 2021.

Dominic W. Lanza
United States District Judge